[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13788
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00007-WCO-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO VARGAS-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 18, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Francisco Vargas-Gonzalez appeals his 24 month sentence, imposed at the low end of the advisory guidelines range, for one count of illegal reentry after deportation. He contends that the sentence is substantively unreasonable.

I.

Vargas-Gonzalez, a citizen of Mexico, pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). The presentence investigation report (PSR) recommended a total offense level of 13 and a criminal history category of IV, resulting in an advisory guidelines range of 24 to 30 months imprisonment. The statutory maximum for the offense is 20 years.

The PSR detailed Vargas-Gonzalez's criminal history. In 2004, he pleaded guilty in Clayton Country, Georgia to driving under the influence, improper lane change, and driving without a valid license. He was sentenced to one day in custody and a term of probation. In 2008, he pleaded guilty in Hall County, Georgia to forgery in the first degree (for possessing a forged driver's license with a false name), giving false information to a law enforcement officer, a violation of the Family Violence Act (for intentionally causing bodily harm to a female he lived with at the time), and cruelty to children in the third degree (for allowing a child under the age of 18 to witness the act of violence). He was sentenced to five years imprisonment, with six months to be served in custody and the balance probated. In November 2008, he was deported to Mexico.

2

In January 2012, Vargas-Gonzalez was arrested again in Hall County, Georgia and charged with, among other things, driving without a license and giving false information to a police officer. He pleaded guilty and was deported for a second time on February 21, 2012.

About nine months later, in November 2012, Vargas-Gonzalez was arrested yet again in Hall County, Georgia. This time he was charged with aggravated assault (for pulling a knife on his girlfriend in their home), two counts of cruelty to children in the third degree (for allowing two children under the age of 18 to witness the assault), and possession of a knife during the commission of a felony. He was sentenced in state court to one year imprisonment and nine years probation. On December 4, 2013, he was transferred to ICE custody and, on February 20, 2014, he was indicted on the instant charge and made his first appearance in the district court.

At sentencing, both parties confirmed that they had no objections to the PSR. Vargas-Gonzalez asked the court to "depart downward" from the low end of the advisory guidelines range (i.e., 24 months) as a way of "giv[ing] him credit" for the 2 months and 20 days of time he had served between December 4, 2013, when he was first taken into ICE custody, and February 20, 2014, when he was indicted. The government responded that a sentence in the middle of the advisory guidelines range (i.e., 27 months) would be a reasonable sentence to deter another

3

illegal reentry, to promote respect for the law, and to protect the public. The government also noted that "the [c]ourt could account for [the 2 months and 20 days spent in ICE custody] by simply sentencing [him] to . . . 24 months."

The court sentenced Vargas-Gonzalez to 24 months imprisonment and 3 years supervised release. The court stated that it had considered all of the 18 U.S.C. § 3553(a) factors and that it believed that 24 months was an adequate sentence to deter another illegal reentry.

## II.

Vargas-Gonzalez argues that his sentence is substantively unreasonable because the district court did not adjust the sentence to account for the 2 months and 20 days he spent in ICE custody.

We review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We will not vacate a sentence as substantively unreasonable unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences dictated by the facts of the case. United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).

Vargas Gonzalez's low-end of the guidelines sentence is not so long that it is substantively unreasonable.  The record does not reflect whether the district court specifically accounted for the 2 months and 20 days he spent in ICE custody, but that does not matter.  The court stated that it had considered all of the § 3553(a) factors and explained that deterrence was an important factor in light of Vargas-Gonzalez's multiple reentries.  The sentence is at the low end of the advisory guidelines range and well below the statutory maximum of 20 years, both of which are indicators of reasonableness.  See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]e ordinarily expect a sentence within the [g]uidelines range to be reasonable.") (internal quotation marks and alterations omitted); see also United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a sentence was reasonable in part because it was well below the statutory maximum).  In sum, Vargas-Gonzalez has failed to meet his burden of showing that a 24 month sentence is unreasonably long in light of the § 3553(a) factors and the facts of his case.  See Irey, 612 F.3d at 1190 n.16.

**AFFIRMED.**